UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| BLAZONA CONCRETE CONSTRUCTION, INC., a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>AMERICAN SAFETY INDEMNITY COMPANY, a Georgia corporation; AMERICAN SAFETY CASUALTY INSURANCE COMPANY, a Georgia corporation, and DOES 1-100, inclusive,<br><br>    Defendants. | No. 2:16-cv-00216-JAM-CKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
|---|---|

This matter is before the Court on Blazona Concrete Construction's ("Plaintiff") Motion for Leave to File Second Amended Complaint.[1] TIG Insurance Company ("Defendant"), successor by merger to American Safety Indemnity Company, opposed the Motion. For the reasons explained below, Plaintiff's Motion for Leave to File Second Amended Complaint is denied.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 1, 2016.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

In February 2013, Plaintiff was named in a lawsuit ("Underlying Action"), filed by Carefree Natomas Limited Partnership and Templeton Development Corporation in Sacramento County Superior Court, that concerned construction work Plaintiff performed while covered under a Commercial General Liability Insurance contract that Plaintiff held with Defendant. Declaration of Megan A. Shapiro in Support of Plaintiff's Motion ("Shapiro Decl.") at ¶ 2-6, ECF No. 16-1. Plaintiff claims that it tendered the defense of that action to Defendant and Defendant denied tender in violation of the contract. Id. at ¶ 6-10; Mot. at 3. Plaintiff filed suit against Defendant in Sacramento Superior Court and, on February 3, 2016, Defendant removed the action to federal court. Shapiro Decl. at ¶ 8; Notice of Removal, ECF No. 1. This Court issued a Pre-trial Scheduling Order on April 5, 2016, which barred joinder of additional amendments to pleadings "except with leave of court, good cause having been shown." Status (Pre-trial Scheduling) Order at 1:22-24, ECF No. 14. Plaintiff filed this Motion for Leave to File a Second Amended Complaint on September 27, 2016. ECF No. 16.

The Superior Court granted Plaintiff's Motion for Summary Judgment in the Underlying Action on December 2, 2015. Declaration of Katy A. Nelson in Support of Opposition ("Nelson Decl."), Exh. 1, ECF No. 18-1. On that basis, the Superior Court ordered Plaintiff dismissed from the Underlying Action on February 5, 2016. Nelson Decl., Exh. 3; Reply Declaration of Megan A. Shapiro ("Shapiro Reply Decl.") at ¶ 9, ECF No. 19-1.

The Operative Complaint in this matter alleges two causes of

action: (1) Declaratory Relief as to Defendant's Duty to Defend; and (2) Declaratory Relief as to Defendant's Duty to Indemnify. Notice of Removal, Exh. C at 6, ECF No. 1-3. Plaintiff's proposed Second Amended Complaint would include just one cause of action, Breach of Contract, for which Plaintiff seeks damages. Plaintiff's Proposed Second Amended Complaint at 4, ECF No. 17. In its Reply, Plaintiff states that "the causes of action for declaratory relief are no longer applicable here" and that "the only remedy available to [Plaintiff] is through a cause of action for breach of contract." Rep. at 2.

## II.   OPINION

### A.   Legal Standard

Once a pretrial scheduling order has issued under Fed. R. Civ. P. 16, Rule 16(b) governs amendments to the complaint and Rule 15(a)'s policy favoring amendment no longer applies. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-8 (9th Cir. 1992). In such circumstances, a federal court will only consider whether the moving party has satisfied Rule 15(a) after the court finds good cause for amendment. Cf. Id. at 608 (citing Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987)). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Id. at 609. Good cause requires the moving party to show that scheduling deadlines could not reasonably be met despite the party's diligence. Id.

This Court issued a Pre-trial Scheduling Order nearly six months before Plaintiff filed the present Motion. Therefore, the Rule 16(b) standard applies.

B. <u>Judicial Notice</u>

Attached to counsel's declaration, Defendant submits copies of Bates-stamped orders from the Superior Court of the State of California for the County of Sacramento. ECF No. 18-1, Exh. 1, 3. This Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." <u>U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244 (9th Cir. 1992) (citations omitted). Accordingly, the Court takes notice of these Superior Court orders.

C. <u>Analysis</u>

Both Plaintiff and Defendant primarily argue this Motion under the Rule 15(a) standard rather than under Rule 16(b). <u>See</u> Mot. at 4-6; Opp. at 5-10; Rep. 3-7. Plaintiff's request could be denied on this basis alone. Despite this deficiency, the Court will consider whether Plaintiff satisfies Rule 16(b)'s good cause standard.

Plaintiff has not shown good cause for this Court to deviate from the Pre-trial Scheduling Order. Plaintiff knew as early as December 2, 2015—the date of the Superior Court's favorable ruling on Plaintiff's summary judgment motion—that the Underlying Action against Plaintiff would be dismissed. Even measuring from the final disposition date, the Underlying Action resolved two months before this Court issued the Scheduling Order and nearly eight months before Plaintiff filed the present Motion. Such delay is the opposite of diligence.

Plaintiff's hope that the case might reach settlement before trial does not support its argument. Plaintiff knew that trial

was on the horizon: the parties set a date for a jury trial that the parties estimated would take two to four days.  Status (Pre-trial Scheduling) Order at 7:4-6.  Plaintiff's unsubstantiated belief that the case might settle is not good cause.

## III.   ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Leave to File Second Amended Complaint. Given Plaintiff's concession that its causes of action for declaratory relief are no longer applicable, the Court hereby orders the parties to submit briefs, not to exceed five pages, on whether the case is now moot.  Briefs are to be submitted, concurrently, no later November 15, 2016.

IT IS SO ORDERED.

Dated:   November 7, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE