UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAZONA CONCRETE CONSTRUCTION, INC., a California corporation<br><br>        Plaintiff,<br><br>    v.<br><br>AMERICAN SAFETY INDEMNITY COMPANY, a Georgia Corporation; AMERICAN SAFETY CASUALTY INSURANCE COMPANY, a Georgia Corporation; and DOES 1-100, inclusive,<br><br>        Defendants. | No. 2:16-cv-00216-JAM-CKD<br><br>**ORDER DISMISSING COUNT ONE AS MOOT** |

    Upon denying Blazona Concrete Construction's ("Plaintiff") Motion for Leave to File Second Amended Complaint, this Court ordered the parties to submit briefs on whether or not the present action is moot. For the reasons described below, the Court dismisses Plaintiff's first cause of action, Declaratory Relief re Duty to Defend, as moot. Moving forward, Count 2, Declaratory Relief re Duty to Indemnify, will be the sole cause of action.

///

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff filed for declaratory relief against American Safety Indemnity Company—now represented by TIG Insurance Company, successor by merger—("Defendant") in the Superior Court of the State of California for the County of Sacramento. See Notice of Removal, Exh. A, ECF No. 1-1. Plaintiff alleges Defendant denied Plaintiff's tender of defense in a lawsuit in violation of the Commercial General Liability Insurance contracts between the parties. See id. The underlying action for which Plaintiff tendered defense reached final judgment—at least with respect to Plaintiff—on February 5, 2016. See Declaration of Katy A. Nelson in Support of Opposition, Exh. 1, ECF No. 18-1. Two days before that judgment, Defendants removed this action to federal court. See Notice of Removal. The parties submitted a Joint Status Report and the Court issued a Status/Pre-trial Scheduling Order on April 5, 2016. ECF Nos. 13 & 14. Five months later, Plaintiff moved for leave to file an amended complaint that would allege a single cause of action for breach of contract and no longer assert claims for declaratory relief. See Proposed Second Amended Complaint, ECF No. 17. This Court denied Plaintiff's motion because Plaintiff was not diligent in meeting the Court's deadline for amendments. See Order Denying Motion to Amend the Complaint, ECF No. 21. The Court ordered further briefing on whether the case is moot. See id.

II.   OPINION

"In determining whether a request for declaratory relief has become moot, [] the question in each case is whether the facts

2

alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Public Util. Com'n of State of Cal. v. F.E.R.C., 100 F.3d 1451, 1458 (9th Cir. 1996) (citation and quotation marks omitted).

Plaintiff alleges two causes of action for declaratory relief. Declaratory relief is available pursuant to both federal and California law. See 28 U.S.C. § 2201; Cal. Code Civ. Pro. § 1060. California also provides that a court "may refuse to exercise the power . . . in any case where its declaration or determination is not necessary or proper at the time under all the circumstances." Cal. Code Civ. Pro. § 1061. Federal courts sitting in diversity vary in which statute they apply, but the distinctions, if any, are immaterial to the outcome in this case. See In re Adobe Systems, Inc. Privacy Litigation, 66 F. Supp. 3d 1197, 1219 (N.D. Cal. 2014) (finding that the Declaratory Judgment Act is procedural in nature and applying it in a diversity case; noting that the two statutes are broadly equivalent); Public Storage v. Sprint Corp., No. CV 14-2594-GW (PLAx), 2015 WL 1057923, at *20 (C.D. Cal. Mar. 9, 2015) (recognizing that federal courts have frequently applied California's declaratory judgment statute but finding that the differences between the statutes were not meaningful in that case).

A.   Declaratory Relief: Duty to Defend

Plaintiff concedes that its cause of action regarding Defendant's duty to defend would provide Plaintiff with "little

1  to no" remedy.  Plaintiff's Brief re Whether Plaintiff's
2  Declaratory Relief Causes of Action are Moot ("P. Brief") at 1,
3  ECF No. 22.  The underlying action has resolved and Defendant can
4  no longer defend Plaintiff in that lawsuit.  Thus, there is not a
5  substantial controversy of sufficient immediacy that warrants
6  declaratory relief on this claim.  Plaintiff's first cause of
7  action is dismissed.
8      B.   Declaratory Relief: Duty to Indemnify
9       The parties dispute whether or not the Court should retain
10 this case in order to resolve the second cause of action.
11 Plaintiff argues that there is a live controversy as to whether
12 Defendant must indemnify Plaintiff for the legal fees it incurred
13 in the underlying suit.  See P. Brief.  Defendant argues that
14 declaratory relief is meant to resolve questions regarding the
15 future conduct of the parties and is not a proper mechanism for
16 resolving fully mature claims.  See Brief re Mootness of Entire
17 Action ("D. Brief"), ECF No. 23.  As demonstrated in Plaintiff's
18 Motion for Leave to File a Second Amended Complaint, Plaintiff's
19 claim for declaratory relief could now be asserted as a breach of
20 contract claim for damages.
21      A district court has broad discretion to decline
22 jurisdiction over a declaratory judgment claim where it only
23 seeks to review the legality of past conduct.  See Public Storage
24 v. Sprint Corp., 2015 WL 1057923, at *21 (collecting federal and
25 California cases).  However, by their terms, both the federal and
26 California declaratory relief statutes permit a court to consider
27 declaratory relief claims whether or not further relief is or
28 could be sought.  See 28 U.S.C. § 2201; Cal. Civ. Code § 1060.

4

1  High courts of each jurisdiction have confirmed such
2  availability.  See Powell v. McCormack, 395 U.S. 486, 517–18
3  (1969) ("The availability of declaratory relief depends on
4  whether there is a live dispute between the parties and a request
5  for declaratory relief may be considered independently of whether
6  other forms of relief are appropriate.") (internal citation
7  omitted); McGraw-Edison Co. v. Preformed Line Prod. Co., 362 F.2d
8  339, 342 (9th Cir. 1966) ("[J]urisdiction is not to be declined
9  merely because of the existence of another adequate legal
10 remedy[.]"); Filarsky v. Super. Ct., 28 Cal.4th 419, 433 (2002)
11 ("The mere circumstance that another remedy is available is an
12 insufficient ground for refusing declaratory relief, and doubts
13 regarding the propriety of an action for declaratory relief
14 pursuant to Code of Civil Procedure section 1060 generally are
15 resolved in favor of granting relief."); Columbia Pictures Corp.
16 v. De Toth, 26 Cal.2d 753, 761 (1945) ("Hence a plaintiff's right
17 to proceed is not barred by the fact that the contract sued upon
18 may have already been breached and that traditional or statutory
19 alternative remedies are available.").  In California, before a
20 court may properly exercise its discretion to refuse relief on
21 the ground that other remedies are available to the plaintiff,
22 "it must clearly appear that the asserted alternative remedies
23 are available to the plaintiff and that they are speedy and
24 adequate or as well suited to the plaintiff's needs as
25 declaratory relief."  Maguire v. Hibernia Sav. & Loan Soc., 23
26 Cal.2d 719, 732 (1944).
27     Defendant points the Court to three California cases in
28 support of its contention that declaratory relief is improper

here.

In Mascarin Prof'l Pharmacy v. Hart, the court opined that "one who has a fully matured action at law or in equity cannot secure an adjudication of rights by way of an action for declaratory relief, since all of the issues that could be involved in the declaratory relief action can equally be resolved in the plenary action." 13 Cal.App.3d 462, 464 (1970). In Hart, the plaintiff sought a declaration that it was entitled to indemnity from Hart for a judgment in an underlying lawsuit. The underlying suit still had an appeal pending. The court concluded that until the judgment becomes final, plaintiff "has no matured claim for indemnity against [defendant]" and "[t]he case is a proper one for the use of the declaratory judgment procedure." 13 Cal.App.3d at 465. Defendant asks the Court to infer from Hart's discussion that a declaratory action is moot once a judgment in the underlying action is final. D. Brief at 3. However, the Hart court did not address mootness or whether the trial court would have abused its discretion by awarding relief had the underlying judgment been final.

In Bachis v. State Farm Mut. Auto. Ins. Co., the court held that that the Superior Court lacked jurisdiction to entertain an action for declaratory relief where the plaintiff had a fully matured cause of action for damages in an amount that fell within the municipal court's jurisdiction. 265 Cal.App.2d 722, 728 (1968). The Bachis court's discussion primarily concerned the jurisdictional question: can a plaintiff plead around an amount in controversy requirement by changing the label on its claim? Id. at 723. The court determined that, under California Supreme

1  Court precedent, the question of trying such a case in Superior
2  Court is a matter of "jurisdiction and not of discretion to
3  refuse declaratory relief." Id. at 723.
4      Bachis does not control here.  Although the Bachis dicta
5  lend support to Defendant's position, there is no dispute over
6  whether this Court would have jurisdiction over Plaintiff's
7  breach of contract claim.  Also, like Hart, the Bachis decision
8  did not address mootness or an abuse of discretion standard.
9      Travers v. Louden is the only case Defendant cites that
10 stakes a firm position.  254 Cal.App.2d 926 (1967).  The
11 underlying issue concerned whether the defendant had breached a
12 contract by failing to perform.  Id. at 928.  The complaint,
13 however, merely sought declaratory relief and did not specify the
14 rights or duties as to which a declaration was sought, nor the
15 nature of the desired relief; "[i]t merely allege[d] a breach of
16 the contract as a foundation for some unspecified claim of a
17 right to redress."  Id.  The Travers court reasoned that although
18 a proper action for declaratory relief could include redress for
19 past wrongs, the California Supreme Court cases applying that
20 principle had each involved an ongoing contractual relationship
21 between the parties.  Id. at 932 (citing Columbia Pictures Corp.,
22 26 Cal.2d 753; Ermolieff v. R.K.O. Radio Pictures, 19 Cal.2d 543
23 (1942)).  Citing Cal. Code. Civ. Proc. § 1061, the court noted
24 that "[t]he court has discretion to refuse to render a
25 declaratory judgment when it would not be necessary or proper
26 under all the circumstances."  Id. at 932.  It further observed
27 that the declaratory action would be futile and time consuming,
28 that the plaintiff had not been hurt by the dismissal, and that

the plaintiff could obtain any legal or equitable relief to which he may be entitled in another action. Id. The court concluded: "Upon the facts that were before the trial court it appeared, as a matter of law, that a declaratory judgment in the action would not be necessary or proper. It would have been an abuse of discretion to retain the action and send it to trial." Id. Thus, although Travers does specifically address abuse of discretion, that statement appears to be dictum and the court confined its holding to the facts of that case.

The present case is distinct from Travers in several respects. The pleadings in this matter appear to support Plaintiff's declaratory relief claim, unlike in Travers, where the plaintiff essentially alleged breach of contract in poorly framed pleadings. 254 Cal.App.2d at 928; see also Ossesous Tech. of Am., Inc. v. Discoveryortho Partners LLC, 191 Cal.App.4th 357, 367 (2010) ("Travers featured a plaintiff who failed miserably in framing the pleadings."). Relatedly, Defendant does not dispute that declaratory relief was proper at the time Plaintiff filed suit, whereas the Travers plaintiff had a mature breach of contract claim at the time of filing. The Travers court also noted that the plaintiff's claim was futile and the dismissal would do plaintiff no harm. 254 Cal.App.2d at 932. Here, Plaintiff faces dismissal without leave to amend. Finally, this Court is particularly concerned with mootness, an issue not before the Travers court.

The strong dictum in Travers remains confined to that case. There do not appear to be any subsequent decisions that rely on Travers to reverse a trial court's grant of declaratory relief.

Indeed, one California Court of Appeals observed:

> [Travers is the] leading case for the proposition that a court abuses its discretion by failing to dismiss a declaratory relief action when a breach of contract action is available[.] . . . Some subsequent cases applied similar analyses in comparable fact patterns, but did not starkly assert (as Travers did) that a trial court would abuse its discretion by providing declaratory relief. . . . In sum, authority for the proposition that a trial court abuses its discretion by refusing to dismiss a declaratory relief claim because the claim amounts to a backward-looking breach of contract claim is underwhelming.

Ossesous Tech. of Am., Inc. v. Discoveryortho Partners LLC, 191 Cal.App.4th 357, 366-67 (2010).

Thus, although Defendant's cases suggest that declaratory relief with respect to indemnification is disfavored in the present circumstances, the Court finds it has discretion to retain the case. The principal question here is whether the action is moot. Although the circumstances have changed, there is still a controversy over whether Defendant must indemnify Plaintiff for its legal expenses. Plaintiff's second cause of action will therefore not be dismissed at this time.

### III.   ORDER

For the reasons set forth above, the Court DISMISSES WITHOUT LEAVE TO AMEND Count 1 of the Complaint. This case will proceed only on Plaintiff's claim for declaratory relief regarding the duty to indemnify in Count 2:

IT IS SO ORDERED.

Dated: December 16, 2016

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE